No. 22441.

BAYLY MANUFACTURING COMPANY, A CORPORATION *v.* CHRISTINA FRANKS, BARBARA K. GASH, ELLINE E. KREAGER, CONNIE JOE KUHL, VERNA ROSELLA MIDBO, MARY SANDOVAL, THE DEPARTMENT OF EMPLOYMENT OF THE STATE OF COLORADO, THE STATE OF COLORADO, JAMES M. SHAFFER, ALBERT S. MANGAN AND WALTER W. JOHNSON, AS MEMBERS OF THE INDUSTRIAL COMMISSION OF THE STATE OF COLORADO (EX-OFFICIO UNEMPLOYMENT COMMISSION OF THE STATE OF COLORADO.)

(427 P.2d 873)

Decided May 22, 1967.

PHELPS, HALL & SMEDLEY, GLEN E. KELLER, JR., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES D. McKEVITT, Assistant, for defendants in error Industrial Commission of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado).

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

THE controversy involved in this writ of error is based upon the identical factual situation presented to this court in the case of *Bayly Manufacturing Company v. The Department of Employment*, 155 Colo. 433, 395 P.2d 216. No good purpose would be served by repeating those facts in this opinion. They are fully set forth in the decision to which reference is made.

In reversing the judgment entered by the trial court in that case this court directed that, with reference to the six claimants for unemployment compensation whose rights are involved in the present writ of error, the cause be remanded,

"* * * to the district court with directions to remand the matter to the Industrial Commission for the purpose of determining whether the length of unemployment of each of the claimants at the time of the hearing afforded each of them a reasonable opportunity to secure work

in their customary occupation or at their customary wages."

■ Pursuant to this direction the Industrial Commission's final award as to each of the claimants contained the following pertinent statement:

"The Commission finds that the claimant had a period of time in excess of five months in which to secure work in her customary occupation at her customary * * * rate of pay."

Each of the awards also found that:

"* * * during said period of time the claimant was unable to find such employment and that the claimant did have a reasonable opportunity to search for and to secure such work prior to * * * [the date upon which another job was offered by Bayly] and prior to the date of the hearing before the Referee."

There was ample evidence to support these findings contained in the record before the Commission.

■ Under the powers conferred upon the Commission by the statute then applicable, namely, C.R.S. '53, 82-4-9 (1), each of the claimants was disqualified from receiving benefits for a period of five weeks beginning as of the date upon which re-employment (at a substantially reduced wage) was offered them.

■ The plaintiff in error is before us now contending that the Industrial Commission did not follow our mandate in the former adjudication in that the claimants should have suffered a full disqualification for benefits at the hands of the Commission. This contention is untenable. The mandate of this court was adhered to by the Commission in entering the several awards to the claimants and the district court correctly ruled on this point.

The judgment accordingly is affirmed.

Mr. Justice Sutton, Mr. Justice Pringle and Mr. Justice Hodges concur.